## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES BLAND, as personal representative of the Estate of JOSHUA MICHAEL HALL, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-21-664-R |
| M-COMPANY TRANSPORT, INC. a foreign corporation, and MICHAEL ALVAREZ, an individual, | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, James Bland, Personal Representative of The Estate of Joshua Michael Hall, deceased, and for his cause of action against Defendants M-Company Transport, Inc., and Michael Alvarez, states as follows:

## PARTIES

1.     Plaintiff, James Bland (hereinafter "Plaintiff"), is the duly appointed personal representative of the Estate of Joshua Michael Hall, deceased, in case number PB-2021-784, pending in the District Court of Oklahoma County, State of Oklahoma, and is a citizen of Oklahoma.

2.     Michael Doyce Hall is the father of Joshua Michael Hall, deceased.

3.     Cherie Davis is the mother of Joshua Michael Hall, deceased.

4.     A.D.H. is the minor daughter of Joshua Michael Hall, deceased.

5.     M.N.H. is the minor daughter of Joshua Michael Hall, deceased.

6.     J.A.H. is the minor son of Joshua Michael Hall, deceased.

7.     S.J.H. is the minor daughter of Joshua Michael Hall, deceased.

6.     Defendant, M-Company Transport, Inc. (hereinafter "M-Company") is a corporation organized and existing under the laws of the State of Texas with a principal place of business in Atascosa, Texas, and is a citizen of the State of Texas.

7.     M-Company's U.S. D.O.T. number is 2903390.

8.     Defendant, Michael Alvarez (hereinafter "Alvarez") is an individual and a citizen and resident of the State of Texas.

9.     At all times relevant hereto, M-Company was or should have been an interstate motor carrier authorized to transport property in interstate commerce and within the State of Oklahoma pursuant to one or more permits issued by the Interstate Commerce Commission and/or by the United States Department of Transportation ("USDOT").

10.    Accordingly, M-Company was subject to all state and federal laws, statutes, regulations and industry standards governing the hiring of safe and qualified commercial drivers, the safe maintenance and operation of commercial motor vehicles, and the safe brokering of goods in interstate commerce, including without limitation, Oklahoma Statutes governing motor vehicles and commercial motor

2

vehicles.

11.    At all times relevant hereto, Alvarez was a commercial motor vehicle driver operating a 2006 Peterbilt Tractor with VIN number 1XP5DB9X06D641256 (hereinafter "Tractor") owned, leased, assigned, and/or operated by M-Company, and accordingly, Alvarez was subject to all state and federal laws, statutes, regulations and industry standards governing the safe inspection and operation of commercial motor vehicles.

12.    At all times relevant hereto, the Tractor was owned, leased, assigned, and/or operated by M-Company, and was being operated and/or controlled by Alvarez with the knowledge and consent of M-Company for its financial benefit.

13.    At all times relevant hereto, Alvarez was employed and/or contracted to perform services for and was operating the Tractor for M-Company, and was subject to their supervision, control or right to control, such that M-Company should be considered his actual and statutory employers or principals and therefore vicariously liable for Alvarez's negligence and recklessness.

14.    At all relevant times hereto, Alvarez was the agent, servant, and/or employee of M-Company and was acting in the course and scope of his employment, under the direction, control, and authority M-Company.

15.    At all relevant times, the Federal Motor Carrier Safety Regulations applied to these Defendants, pursuant to 49 C.F.R. §300, et seq. and/or Oklahoma

Administrative Code Title 595 Chapter 35-1-4 Adoption by reference, *et seq.*

16.     At all relevant times, Plaintiff's decedent, Joshua Michael Hall ("Hall"), acted with due care and in no way caused or contributed to the cause of the collision that forms the basis of this lawsuit.

17.     Plaintiff seeks damages for all harms and losses permissible under Oklahoma law, including, but not limited to, those enumerated in 12 O.S. § 1053 and 23 O.S. § 9.1 caused by the conduct of Defendants.

## JURISDICTION AND VENUE

18.      This Court has jurisdiction pursuant to 28 U.S.C § 1332.

19.     Venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. § 1391 (B)(2) because a substantial part of the events giving rise to the claim occurred within this jurisdiction.

## FACTS OF THE CASE

20.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

21.     Interstate 35, also known as I-35, is a four-lane divided interstate highway traveling through the City of Guthrie, Logan County, State of Oklahoma.

22.     On or around April 26, 2021, a tractor-trailer owned and operated by M-Company driven by Armando Espinoza, Jr. ("Espinoza"), an employee of M-Company, experienced mechanical problems and became inoperable on I-35 south of Guthrie, Oklahoma near Charter Oak Road.

23.     At all times pertinent to this action, Espinoza was acting within the course and scope of his employment, agency, and/or authority for M-Company.

Espinoza was an "employee" of M-Company pursuant to 49 C.F.R. § 390.5. Therefore, M-Company is responsible for the actions and conduct of Espinoza under the doctrine of *respondeat superior*.

24.     Espinoza parked his tractor-trailer on the west shoulder of the I-35 southbound lanes and, upon information and belief, notified personnel at M-Company's headquarters in Texas of his mechanical failure.

25.     Upon information and belief, M-Company dispatched one of its mechanics, Michael Navarro Alvarez ("Alvarez"), instead of one of its commercial drivers to tow an operational tractor to Guthrie from Atascosa, Texas after learning of the mechanical failure.

26.     At all times pertinent to this action, Alvarez was acting within the course and scope of his employment, agency, and/or authority for M-Company. Alvarez was an "employee" of M-Company pursuant to 49 C.F.R. § 390.5. Therefore, M-Company is responsible for the actions and conduct of Alvarez under the doctrine of *respondeat superior*.

27.     Upon information and belief, M-Company instructed Alvarez to drop off the operational Tractor he was driving and tow the disabled tractor back to the company headquarters in Texas.

28.     Upon information and belief, M-Company instructed Espinoza to assist in the transfer of the tractors and complete his scheduled delivery before returning to M-Company's headquarters in Texas.

29.     Alvarez arrived at the scene of the inoperable tractor near Guthrie on April 27, 2021, and Alvarez and Espinoza initiated the transfer of the tractors as

instructed by M-Company.

30.     Upon information and belief, Alvarez positioned the Tractor he was operating facing North on the west shoulder of Southbound Interstate 35. Alvarez, with the assistance of Espinoza, connected the disabled tractor for towing.

31.     On April 27, 2021, at or about 7:14 p.m., Alvarez attempted on two (2) occasions to make a U-Turn across both lanes of Southbound I-35 in Guthrie, Oklahoma near Charter Oak Road.

32.     Prior to Alvarez's attempted U-turns across traffic on I-35 South, neither he or Espinosa placed any signage, flares, or other conspicuous items to alert or warn drivers traveling southbound on I-35 of the disabled tractor trailer.

33.     On Alvarez's first attempt, he was unable to complete the U-Turn within the roadway and without jackknifing the Tractor.

34.     Despite his knowledge that he could not complete the turn across I-35, Alvarez then backed his Tractor up and made his second attempt, blocking both lanes of I-35 Southbound in the process.

35.     While Alvarez made his second attempted U-Turn across I-35, Hall was operating his employer provided Chevrolet Silverado pickup truck in the right Southbound Lane of I-35.

36.     During Alvarez's second attempt, the pickup driven by Joshua Michael Hall was unable to avoid colliding with the passenger side fuel tank of the M-Company Tractor in tow.

37.     Immediately prior to the collision, Mr. Hall's Chevrolet Silverado also struck Espinosa, whom was standing on I-35, and pinned him against the inoperable

M-Company Tractor in tow, resulting in his death and dismemberment.

38.     The impact with the Tractor in tow pinned Joshua Michael Hall and his front seat passenger, Jason Lingle ("Lingle"), inside the Chevrolet pickup.  The impact also caused a tear in the Tractor in tow's fuel tank, generated sparks and ignited a fire.

39.     Upon due information and belief, both Hall and Lingle survived the initial collision and were conscious while they were subsequently burned alive by the resulting inferno which engulfed the Chevrolet Silverado.

40.     Upon due information and belief, Alvarez did attempt to render aid by utilizing a fire extinguisher kept within the Tractor following the crash.  However, the fire extinguisher was inoperable and/or improperly maintained.

41.     The reckless nature of Alvarez's driving was observed by an eyewitness traveling Southbound on I-35 behind Mr. Hall who stopped to call emergency services and ultimately gave a statement to the investigating authorities based upon his personal knowledge of the crash.

42.     At all relevant times hereto, Alvarez exhibited a conscious disregard for the health and safety of the motoring public in general, and Joshua Michael Hall in particular, by executing an improper and illegal maneuver without sufficient warning or signaling, resulting in the deaths of three (3) people – including Hall and Lingle.

43.     At all times relevant hereto, Alvarez operated the aforesaid Tractor in a reckless, carless, and negligent manner, in violation of industry standards and the policies of M-Company.

44.     As a result of the negligent acts and omissions of the Defendants, and each of them, Joshua Michael Hall was conscious at the time he was burned alive.

45.     At all relevant times, M-Company exercised complete control over the dispatching of the Tractor driven and/or towed by Alvarez at the time of the crash.

46.     At all relevant times, M-Company exercised complete control over the routing of the Tractor driven by Alvarez at the time of the crash.

## FIRST CAUSE OF ACTION

### WRONGFUL DEATH & NEGLIGENCE AGAINST DEFENDANTS M-COMPANY TRANSPORT, INC. AND MICHAEL ALVAREZ

47.     The preceding paragraphs herein are incorporated by reference as though fully set forth.

48.     Alvarez and Espinosa, employees acting within the course and scope of their employment with M-Company, owed Hall a duty to operate their Tractor in tow in a reasonable and prudent manner and to prevent injuries to others on the roadway.

49.     Alvarez and Espinosa, as employees acting with the course and scope of their employment, agency, and/or authority for M-Company, owed Hall a duty to exercise ordinary care in keeping a proper lookout consistent with the safety of other vehicles and persons.

50.     Alvarez and Espinoza, as employees acting with the course and scope of their employment, agency, and/or authority for M-Company, breached their duties to operate their vehicles in a reasonable and prudent manner to prevent Hall's injury and further breached their duties to exercise ordinary care in keeping a proper

lookout.

51.    Alvarez and Espinoza, as employees acting with the course and scope of their employment, agency, and/or authority for M-Company, violated provisions of Oklahoma's Rules of the Road, Okla. Stat. tit. 47 § 11-101 *et seq.* and the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 392.1 *et seq.* which are designed to protect members of the traveling public, including Hall, from unnecessary injury and death.

52.    As a direct and proximate result of the negligent actions of Alvarez and Espinoza, Hall burned alive in the flaming Chevrolet Silverado on April 27, 2021.

53.    Wherefore, Plaintiff, James Bland, Personal Representative of The Estate of Joshua Michael Hall, deceased, prays for judgment against Defendants M-Company Transport, Inc. and Michael Alvarez for the wrongful death of Joshua Michael Hall as follows and in an amount in excess of $75,000:

       a.    For Joshua Michael Hall's medical expenses;

       b.    For Joshua Michael Hall's burial expenses;

       c.    For Joshua Michael Hall's mental pain and anguish;

       d.    For Joshua Michael Hall's physical pain and anguish;

       e.    For the pecuniary loss and loss of financial support to Joshua Michael Hall's children;

       f.    For the grief of Joshua Michael Hall's parents, Michael Doyce Hall and Cherie Davis;

       g.    For the loss of companionship of Joshua Michael Hall by his parents, Michael Doyce Hall and Cherie Davis;

h.   For the grief of Joshua Michael Hall's children;

i.   For the loss of companionship of Joshua Michael Hall by his children;

j.   For punitive and exemplary damages;

k.   For interest thereon as provided by law, both pre-judgment and post-judgment;

l.   For costs; and

m.   For such other and further relief as the Court deems just, equitable, and proper.

<u>**SECOND CAUSE OF ACTION**</u>

**RESPONDEAT SUPERIOR/VICARIOUS LIABILITY
AGAINST DEFENDANT M-COMPANY TRANSPORT, INC.**

54.   The preceding paragraphs herein are incorporated by reference as though fully set forth.

55.   At all relevant times, Alvarez was an employee of M-Company as that term is defined by 49 C.F.R. § 390.5.

56.   Alvarez, in driving M-Company's Tractors, failed to exercise ordinary care in causing the Tractor(s) to obstruct I-35 Southbound without adequate warning and thereby endangering the safety of the traveling public, including Joshua Michael Hall.

57.   Alvarez, in operation of M-Company's Tractor, violated provisions of the Oklahoma's Rules of the Road, Okla. Stat. tit. 47, § 11-101 *et seq.*, and the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 392.1 *et seq.*, which are designed to protect members of the traveling public, including Joshua Michael Hall,

from unnecessary injury and death.

58.     A substantial factor causing the collision, and the injuries and death to Hall, was the negligence of Alvarez, including but not limited to one or more of the following respects:

a.     Failing to keep a proper look-out;

b.     Making an improper U-turn in violation of Oklahoma Statute 47 O.S. §11602 and 49 C.F.R. § 392.2;

c.     Failing to make a proper turn in violation of Oklahoma Statute 47 O.S. §11-604 and 49 C.F.R. §392.2;

d.     Failing to maintain proper and adequate control of the subject Tractor;

e.     Making an improper lane change in violation of 47 O.S. § 11-309 and 49 C.F.R. §392.2

f.     Failing to use his brakes and steering mechanisms to avoid the collision;

g.     Driving recklessly in violation of 47 O.S. § 11-901 and 49 C.F.R. §392.2;

h.     Failing to devote full time and attention while operating Defendant's Tractor(s) on public roadways in violation of 47 O.S. § 11-901b and 49 C.F.R. §392.2;

i.     Failing to take proper precautions in the operation of Defendant's Tractor(s) so as to avoid the collision;

j.     Operating Defendant's Tractor in a negligent, careless and reckless manner without due regard for the rights and safety of Mr. Hall;

k.     Failing to exercise due care and caution under the then existing conditions;

l.     Failing to remain alert;

m.     Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of commercial motor vehicles;

n.     Failing to operate Defendant's Tractor in accordance with the Federal Motor Carrier Safety Regulations;

o.     Failing to properly control Defendant's Tractor in light of the circumstances then and there existing, including traffic patterns existing on the roadway;

p.     Failing to make necessary and reasonable observations while operating the Tractor(s);

q.     Failing to make a proper visual search for other motorists

r.     Consciously choosing to drive in an unsafe manner given the circumstances;

s.     Consciously choosing to disregard traffic patterns then existing on the roadway;

t.     Violating both the written and unwritten policies, rules, guidelines and requirements of M-Company;

u.     Failing to apprise himself of and/or to abide by the Federal Motor Carrier Safety Regulations;

v.     Failing to apprise himself of and/or abide by Oklahoma regulations and laws pertaining to the operation of commercial vehicles;

w.     Failing to take evasive action and/or failing to take appropriate and timely evasive action to avoid the collision;

x.     Violating 49 C.F.R. §§ 383.110; 383.111; and 383.113 dealing with required knowledge and skill, or the state regulation adopting said federal regulation;

y.     Failing to act as a reasonable commercial motor vehicle driver would under the then existing conditions.

59.    At the time of the collision, Alvarez was engaged in the work that had been assigned to him by M-Company.

60.    At the time of the collision, Alvarez was doing that which was usual, and necessary to accomplish the work assigned to him by M-Company.

61.     At the time of the collision, Alvarez was doing that work which was customary for a truck driver to perform.

62.     As a result of the above-stated acts and omissions, Joshua Michael Hall was killed.

63.     Wherefore, Plaintiff, James Bland, Personal Representative of The Estate of Joshua Michael Hall, deceased, prays for judgment against Defendant M-Company Transport, Inc. and Michael Alvarez for the wrongful death of Joshua Michael Hall as follows and in an amount in excess of $75,000:

  a.   For Joshua Michael Hall's medical expenses;

  b.   For Joshua Michael Hall's burial expenses;

  c.   For Joshua Michael Hall's mental pain and anguish;

  d.   For Joshua Michael Hall's physical pain and anguish;

  e.   For the pecuniary loss and loss of financial support to Joshua Michael Hall's children;

  f.   For the grief of Joshua Michael Hall's parents, Michael Doyce Hall and Cherie Davis;

  g.   For the loss of companionship of Joshua Michael Hall by his parents, Michael Doyce Hall and Cherie Davis;

  h.   For the grief of Joshua Michael Hall's children;

  i.   For the loss of companionship of Joshua Michael Hall by his children;

  j.   For punitive and exemplary damages;

k.   For interest thereon as provided by law, both pre-judgment and post-judgment;

l.   For costs; and

m.   For such other and further relief as the Court deems just, equitable, and proper.

## **Third Cause of Action**

### NEGLIGENT OR RECKLESS HIRING, TRAINING AND SUPERVISION AGAINST DEFENDANT M-COMPANY TRANSPORT, INC.

64.   The preceding paragraphs are incorporated herein by reference as though fully set forth.

65.   M-Company is regularly engaged in a commercial enterprise that involved the operation and selection of motor carriers and/or drivers to transport goods in interstate commerce as an integral part of its business.

66.   As a result, M-Company had a duty and obligation to the driving public to exercise reasonable care to select safe, competent and conscientious motor carriers and drivers to deliver those goods and to verify that the companies and motor carriers they chose to transport those goods utilized safe drivers and safe equipment that was properly maintained.

67.   In addition, the negligence, carelessness, and/or recklessness of M-Company, in the hiring, supervision and retention of Alvarez, consisted of the following:

a.    Failing to properly train, monitor and/or supervise their employees, drivers and/or agents, including Alvarez;

b.    Failing to supervise Alvarez to verify that he operated the Tractor in a reasonably safe manner and complied with laws governing the safe operation of commercial motor vehicles;

c.    Negligently entrusting Alvarez with the Tractor in question, despite being aware that Alvarez did not meet the minimum qualifications for a commercial motor vehicle operator pursuant to 49 CFR § 391 and OAC 595:35-1-4(14);

d.    Negligently entrusting Alvarez with the Tractor in question, despite being aware of Alvarez's poor safety record and/or commercial driving experience/training;

e.    Acting in conscious disregard for the rights and safety of the motoring public;

f.    Failing to adopt, train and/or enforce written and unwritten company safety policies and systems, pertaining to the hiring, training and monitoring of its drivers, and the safe operation and maintenance of its commercial motor vehicles;

g.    Permitting Alvarez to operate the Tractor when it knew or should have known that he was not properly qualified and/or trained;

h.    Allowing Alvarez to operate a Tractor(s) in their possession when they knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

i.    Failing to adopt appropriate employee manuals and/or training procedures;

j.    Failing to enforce both written and unwritten policies;

k.    Failing to ensure that its employees, drivers, and/or agents were aware of and complied with the written and unwritten policies of M-Company;

l.    Failing to ensure that its employees, drivers, and/or agents were aware of and complied with rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

m.    Failing to implement and/or enforce an effective safety system;

15

n.    Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

o.    Failing to ensure that is employees, drivers, and/or agents complied with the provisions of the FMCSR;

p.    Violating the applicable rules, laws, and regulations pertaining to and governing the operation of commercial vehicles;

q.    Failing to monitor and/or regulate their drivers' actions;

r.    Failing to have policy or mechanism in place to address illegal and unsafe driving maneuvers of its drivers;

s.    Placing more emphasis on profits than on safety of the motor public;

t.    Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles;

u.    Failing to act upon and remedy violations of 49 C.F.R § 391;

v.    Failing to act upon and remedy violations of 49 C.F.R § 383; cc. Failing to act upon and remedy known violations of industry standards;

w.    Failing to have appropriate policies and procedures with regard to the hiring of drivers;

x.    Failing to follow the written and/or unwritten policies and procedures with regard to the hiring of its drivers;

y.    Failing to have appropriate policies and procedures with regard to the monitoring of its drivers;

z.    Failing to follow the written and/or unwritten policies and procedures with regard to the monitoring of its drivers;

aa.   Consciously disregarding federal and state law regarding the responsibilities of motor carries and the operation of commercial vehicles; and

bb.   Aiding and abetting Alvarez's violations in violation of 390.13.

68.     As a result of the above-stated acts and omissions, Joshua Michael Hall was killed.

69.     Wherefore, Plaintiff, James Bland, Personal Representative of The Estate of Joshua Michael Hall, deceased, prays for judgment against Defendant M-Company Transport, Inc. and Michael Alvarez for the wrongful death of Joshua Michael Hall as follows and in an amount in excess of $75,000:

a.     For Joshua Michael Hall's medical expenses;

b.     For Joshua Michael Hall's burial expenses;

c.     For Joshua Michael Hall's mental pain and anguish;

d.     For Joshua Michael Hall's physical pain and anguish;

e.     For the pecuniary loss and loss of financial support to Joshua Michael Hall's children;

f.     For the grief of Joshua Michael Hall's parents, Michael Doyce Hall and Cherie Davis;

g.     For the loss of companionship of Joshua Michael Hall by his parents, Michael Doyce Hall and Cherie Davis;

h.     For the grief of Joshua Michael Hall's children;

i.     For the loss of companionship of Joshua Michael Hall by his children;

j.     For punitive and exemplary damages;

k.     For interest thereon as provided by law, both pre-judgment and post-judgment;

l.      For costs; and

m.      For such other and further relief as the Court deems just,

equitable, and proper.

## FOURTH CAUSE OF ACTION

**NEGLIGENT ENTRUSTMENT AGAINST
DEFENDANT M-COMPANY TRANSPORT, INC.**

70.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

71.     M-Company, as the owners or controllers of the Tractor(s), had a duty to exercise ordinary care to avoid lending and/or providing these commercial vehicles to a person(s) whom they knew or reasonably should have known was careless, reckless, improperly trained and/or incompetent to drive.

72.     M-Company breached their duty to exercise ordinary care by providing the Tractor to Alvarez when said Defendant knew or reasonably should have known under the circumstances that Alvarez was unsafe, careless, reckless, and/or incompetent or otherwise unqualified to drive.

73.     M-Company knew or should have known that Alvarez failed to possess the knowledge, skill, experience, training and personal characteristics to operate the Tractor or complete his assigned task without creating an unreasonable risk of injury to others.

74.     Upon due information and belief, M-Company also had access to real-time tracking to observe the unsafe driving maneuvers and practices of Alvarez prior to the subject collision.

75.     M-Company had an obligation / duty to entrust its' Tractor(s) to drivers who operate their vehicles in a safe manner and in compliance with applicable laws, safety standards, and regulations.

76.     By entrusting the Tractor(s) to Alvarez, M-Company acted in conscious disregard to the rights and safety of Mr. Hall.

77.     The acts and omissions in providing Alvarez the Tractor(s) in these circumstances constitute independent acts of negligence on the part of M-Company.

78.     M-Company's individual and concurring acts and omissions described herein were the proximate cause of the unnecessary and violent death of Joshua Michael Hall.

79.     Wherefore, Plaintiff, James Bland, Personal Representative of The Estate of Joshua Michael Hall, deceased, prays for judgment against Defendant M-Company Transport, Inc. and Michael Alvarez for the wrongful death of Joshua Michael Hall as follows and in an amount in excess of $75,000:

        a.     For Joshua Michael Hall's medical expenses;

        b.     For Joshua Michael Hall's burial expenses;

        c.     For Joshua Michael Hall's mental pain and anguish;

d.    For Joshua Michael Hall's physical pain and anguish;

e.    For the pecuniary loss and loss of financial support to Joshua Michael Hall's children;

f.    For the grief of Joshua Michael Hall's parents, Michael Doyce Hall and Cherie Davis;

g.    For the loss of companionship of Joshua Michael Hall by his parents, Michael Doyce Hall and Cherie Davis;

h.    For the grief of Joshua Michael Hall's children;

i.    For the loss of companionship of Joshua Michael Hall by his children;

j.    For punitive and exemplary damages;

k.    For interest thereon as provided by law, both pre-judgment and post-judgment;

l.    For costs; and

m.    For such other and further relief as the Court deems just, equitable, and proper.

## **FIFTH CAUSE OF ACTION**

### **PUNITIVE DAMAGES**

80.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

81.    Defendants Alvarez and M-Company acted in reckless disregard of the rights of others and did wrongful acts intentionally and with malice towards other without just cause or excuse.

20

82.    Defendants were either aware or did not care that, under the circumstances, there was a substantial and unnecessary risk that their conduct would cause serious injury or death to others, and there was a high probability that their conduct would cause serious harm and was life-threatening to others, such that a jury should give damages for the sake of example and by way of punishing said Defendants.

**WHEREFORE**, Plaintiff, James Bland, Personal Representative of The Estate of Joshua Michael Hall, deceased, seeks all damages allowed under the laws of the State of Oklahoma, including punitive damages, in an amount in excess of $75,000.00.

s/Christopher T. Combs
Alan W. Bardell, OBA No. 17415
Christopher T. Combs, OBA No. 21632
Hayes Magrini & Gatewood
1220 N. Walker Ave.
Oklahoma City, Oklahoma 73103
Telephone:  (405) 235-9922
Facsimile:  (405) 235-6611
E-Mail:      abardell@hmglawyers.com
                 ccombs@hmglawyers.com

*-and-*

s/Kayla Petsch
Murry Parrish, OBA No. 15948
Kayla Petsch, OBA No. 33039
**PARRISH DEVAUGHN, PLLC**
7 S. Mickey Mantle, Second Floor
Oklahoma City, Oklahoma 73104
Telephone:  (405) 999-9000
Facsimile:  (405) 232-0058
E-mail:      Murry@ParrishDeVaughn.com
                 Kayla@ParrishDeVaughn.com

*Attorneys for Plaintiff*

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**